ISRAEL RAMER, PLAINTIFF-APPELLANT, v. PEOPLES BANK AND TRUST COMPANY, DEFENDANT-RESPONDENT.

Submitted October term, 1936—Decided December 29, 1936.

Before BROGAN, CHIEF JUSTICE, and Justices CASE and PERSKIE.

For the plaintiff-appellant, *Aaron Heller*.

For the defendant-respondent, *Henry G. Whitehead*.

BROGAN, CHIEF JUSTICE. The plaintiff sued the defendant bank for negligence in protesting a promissory note as a result of which the endorsers escaped liability. The court directed a verdict for the defendant and from the judgment thereon the plaintiff appeals.

The facts in the case may briefly be stated thus: The plaintiff was the payee and holder of a promissory note made by Rubin & Son, Incorporated, and Sam Rubin. The instrument carried the endorsement of Sam Rubin, S. Rubin (different persons), and I. Katz. Prior to the due date the plaintiff lodged the note with the defendant bank for collection. He testified that when he delivered the instrument to the bank for collection he gave the note-teller a slip of paper on which was written the names and addresses of the parties with instructions that notice of protest be sent to those answerable thereon if the note was not met. The note was not paid at maturity and protest notices were mailed to the maker and endorsers of the note, addressed in care of the maker. On the face of the note, exhibited in evidence, we find, under the

name of the maker, a pencil notation of the address. On the back of the note, likewise in pencil, we find "c/o Sam Rubin" (maker) written opposite the name of the endorsers.

The basis of the plaintiff's claim, charging the bank with liability, is found in his own testimony in these words: "I gave them [meaning the bank's officer] the note with a slip of paper with the names and addresses which is on the note, the names, and I told them to have it protested in case it was not collected, and send the notice *to the proper addresses, to the ones on the paper.*" (Italics ours.)

Defense witness, Mr. White, note-teller in March, 1933, when the note was lodged with the bank for collection, testified that he didn't remember the details of what transpired between the plaintiff and himself at the time the note was turned over for collection, but, stating what his practice had been in matters of this kind, said that when the note was presented for collection he asked the plaintiff for the addresses of the persons liable and then and there made pencil note of the addresses on the instrument itself.

The bank's notary testified that he sent protest notice to the endorsers in accordance with the addresses found in pencil writing on the note, *i. e.*, in care of the maker.

When a bank undertakes the collection of a note lodged with it for that purpose, and the mailing of protest notice to all answerable thereon, if same is not paid, it fulfills its duty in this regard if it sends the notice of protest to the parties at the address supplied by the holder of the instrument. The defendant bank says that it discharged its duty to the plaintiff in that way.

The claim of the plaintiff is that the bank was negligent in the matter of mailing protest notice to the endorsers; that the notice was not sent to the correct address of these persons. It had the burden of proving this asserted negligence. The plaintiff did not, in our judgment, discharge this burden. The plaintiff did not prove that the protest notices were sent to an address different from the one, he says, he supplied; nor did he prove what addresses he did supply on the slip which he claims he gave to the note-teller.

The judgment is affirmed, with costs.